

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

August 25, 1952

Hon. Cullen B. Vance
County Attorney
Jackson County
Edna, Texas

Opinion No. V-1510

Re: Authority of Jackson
County to sell the pre-
sent courthouse property
under the submitted
facts.

Dear Sir:

Your request for our opinion reads in part as follows:

"I am enclosing copy of a Deed dated December 19, 1904, from the New York, Texas and Mexican Railway Company to Jackson County conveying a plot of ground 240 feet by 400 feet for Courthouse purposes. Jackson County erected a Courthouse building on this plot of ground in 1905 at a cost in excess of $20,000.00 and constructed of brick within the requirements of this Deed. This building is approximately 52-1/6 feet by 85-5/6 feet, outside dimensions.

"According to Affidavits that I have procured from several individuals who have been acquainted with this property for a great many years, the plot of ground on which the Courthouse building is situated has been used for the following other purposes:

"A public fountain is maintained in front of the Courthouse and rest rooms open 24 hours a day are provided in a separate building for the use of the public. The plot of ground has been landscaped, a rose garden and other shrubbery are maintained thereon, and some 30 years ago approximately 25 or 30 Hackberry and Pecan trees were planted that now provide considerable shade. Benches have been maintained on this ground for the use by members of the public and the ground has been used for holding political rallies, church sales and bazaars, preaching services,

club carnivals, public fairs and exhibitions, band concerts, chautauquas, public barbecues, and during more recent years athletic and pep rallies and an annual firemen's public Christmas tree have been held. There are two monuments on this ground, one erected to the memory of Irvin Moore Laughter, who was killed while in naval service in 1916, the monument having been erected in about 1917, and the other a centennial marker or monument erected by the State of Texas in 1936. The entire plot of ground is surrounded by public streets. Since the Courthouse was erected thereon, the plot of ground has been used by various organizations and members of the public for public gatherings and as a public meeting place and has been the only place provided in the City of Edna during all of these years as a public meeting place for all members of the public without regard to race, creed or religious affiliation. According to these affidavits, this plot of ground has been referred to and mentioned as "The Courthouse Lawn" and also as "The Courthouse Square". It is located right in the heart of the business district of the City of Edna. In addition to the above, the benches and lawn on this plot of ground have been used by the public generally as a place of enjoyment and rest.

"Based on the foregoing fact situation, I should appreciate an opinion from your Department as to whether or not Jackson County could sell this property should the Courthouse be located on another plot of ground some two blocks away."

The deed of conveyance to Jackson County contained the following:

"This entire conveyance, however, is based upon this express condition subsequent, to say: That if the said County of Jackson shall fail to cause to be erected and completed upon said above conveyed property a courthouse for Jackson County to cost not less than Twenty Thousand ($20,000.00) Dollars, and the outer walls of which shall be brick or stone, within the space of three

years from the date of this deed, then this
conveyance shall become null and void, and
all the title conveyed by the present deed
shall at once revert upon such default, as
aforesaid, to the New York Texas and Mexican
Railway Company, and its successors."

However, since the condition was complied with
there is no impediment against the sale of the property
in this respect.

We agree with you that the question concerning
the sale of the property and the changing the location
of the courthouse could be controlled by the holding in
the case of City of Tyler v. Smith County, 246 S.W.2d
601, 605 (Tex. Sup. 1952) wherein it is stated:

"There was never any express dedica-
tion of the square in controversy as a public
square, so our problem is to determine wheth-
er the record shows a dedication by implica-
tion, which is said to be analogous to the
doctrine of estoppel in pais. 26 C.J.S.,
Dedication § 2, p. 50. In order to establish
such a dedication there must have been a
clear and unequivocal intention on the part
of Smith County to devote the square to
public use and acceptance by the public.
Oswald v. Grenet, supra. We have concluded
that such dedication is shown in this case.

" . . .

"There can be no doubt that the public
accepted the dedication. They used it as a
market place, as a parking place, as a place
for entertainment and rest, as a place for
preaching services and political meetings,
as a place to get water for themselves and
their stock, and according to undisputed
testimony, they use it today as a 'place of
enjoyment and rest', 'to enjoy the roses,
shrubbery and various landscaping that has
been put there.' According to the weight of
authority, this establishes acceptance, and
we so hold. 16 Am. Jur., Dedication, Sec.
35, p. 383.

"Under these undisputed facts evidencing dedication and after more than a century of unquestioned general public use following and accepting such dedication, it cannot justly be said that Smith County can now convert the square to private use. Of course, the county may abandon the present square as a site for a courthouse and build a new courthouse wherever it chooses; but if it elects to do that, the entire square must remain impressed with the right of the public to use it for general public purposes; it cannot be diverted to private uses. Lamar County v. Clements, 49 Tex. 347, supra."

In Att'y Gen. Op. V-1474 (1952) it was held that land dedicated to the public for park purposes could not be diverted for any other use, stating that it must remain for the use of the public for park purposes and cannot therefore be sold or exchanged.

In connection with the above your attention is directed to the fact that the City of Tyler case was based upon facts which were uncontroverted. We do not feel justified in assuming that there are no other facts which might be developed with regard to the intentions to dedicate. Therefore, the answer to your question is dependent upon all the facts which might later be developed and the application of the law as stated in this opinion.

## SUMMARY

Where there is a dedication and acceptance of a courthouse site for public use, it cannot be diverted to private use. City of Tyler v. Smith County, 246 S.W.2d 601 (Tex. Sup. 1952).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

By Bruce Allen
Bruce Allen
Assistant

Charles D. Mathews
First Assistant

BA:am